**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:24-cv-23006-CMA

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

THE ANVIL 14654 INC. and PRESOUTH,
INC. d/b/a DELORIS FLORIST & GIFT
SHOP,
    Defendants.
_____/

**JOINT SCHEDULING REPORT**

Pursuant to Fed. R. Civ. P. 26(f), S.D. Fla. L.R. 16.1(b), and the Court's Order Requiring Scheduling Report [D.E. 5], the parties, Plaintiff NIGEL FRANK DE LA TORRE PARDO and Defendant, THE ANVIL 14654 INC.[1], submit this Joint Scheduling Report, which incorporates their Discovery Plan.

**I. PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)(3)**

    A. **Changes in timing, form, or requirement for disclosures under Rule 26(a):**

The parties propose that initial disclosures shall be made no later than October 4, 2024. The parties do not propose any other changes in timing, form or requirements under Fed. R. Civ. P. 26(a).

    B. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues:**

Subjects for discovery: ADA violations listed in the Complaint; ADA policies and

---

[1] Defendant, PRESOUTH, INC. d/b/a DELORIS FLORIST & GIFT SHOP has not made an appearance and Plaintiff has filed a motion for clerk to enter default.

procedures; financial information from the Defendants related to the readily achievable standard; ownership and control of property on which ADA violations were encountered; ADA violations encountered by Plaintiff; the extent of Plaintiff's disability at the time of his visit to the subject property; the extent to which access to desired goods and services was denied to Plaintiff on the basis of his disability; whether Plaintiff is likely to return to the subject property; whether the removal of any ADA barriers is readily achievable; and Plaintiff's standing. The parties propose that all fact and expert discovery shall be completed by February 7, 2025.  The parties agree that discovery should not otherwise be conducted in phases.

**C. Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

All electronically stored information ("ESI") shall be produced in searchable PDF format, unless another format (e.g., native format) is specified in the request pursuant to Fed. R. Civ. P. 34(b)(1)(C), in which case the ESI shall be produced in the format requested unless objected to under Fed. R. Civ. P. 34(b)(2)(D).

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order:**

None have been identified at this time.

**E. What changes should be made in the limitations on discovery under the federal and local rules:**

The parties do not propose any changes in the limitations on discovery under the federal or local rules.

**F. Other orders that the court should issue under Rules 26(c) or 16(b) and (c):**

The parties do not propose any other orders.

**II. REPORT OF PARTIES' CONFERENCE PURSUANT TO LOCAL RULE 16.1**

**A. Likelihood of settlement:**

The parties believe settlement is likely and will discuss settlement at appropriate times during the pendency of this action.

**B. Likelihood of appearance of additional parties:**

The likelihood of the appearance of additional parties will be better known once the ownership and control of the property on which ADA violations were encountered is determined.

**C. Proposed limits on the time:**

The parties estimate that trial will take three days, and therefore this case should be assigned to a standard track. The parties propose the following trial date and pretrial deadlines.

| Date | Event |
|---|---|
| November 4, 2024 | Selection of a mediator and scheduling of a time, date and place for mediation |
| October 4, 2024 | Deadline to amend pleadings and join parties |
| November 4, 2024 | Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| November 18, 2024 | Defendants shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| December 4, 2025 | The parties shall exchange rebuttal expert witnesses and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| February 7, 2025 | Completion of all discovery |
| February 28, 2025 | Completion of mediation |
| March 28, 2025 | Deadline for dispositive pre-trial motions and *Daubert* motions (which include motions to strike experts) |
| April 24, 2025 | Deadline for submission of joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable (two (2) weeks before the trial date). |
| May 12, 2025 | Trial |

**D. Proposals for the formulation and simplification of the issues including the**

3

  **elimination of frivolous claims or defenses:**

  The parties will attempt to eliminate unnecessary issues and proof and to narrow the issues for the Court's determination. At the present time, the parties have no concrete proposals to recommend.

  E. **The necessity or desirability of amendments to the pleadings:**

  The parties do not, at this time, anticipate the need for amendments to the pleadings.

  F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

  The parties expect to be able to stipulate to certain facts and to the authenticity of documents, both of which will avoid unnecessary proof.

  G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

  The parties have no special suggestions but will endeavor to concur in stipulations that will avoid the submission of unnecessary evidence.

  H. **Suggestions on the advisability of referring matter to a magistrate judge or master:**

  The parties agree to refer only discovery and non-dispositive motions to the Magistrate Judge.

  I. **Preliminary estimate of time required for trial:**

  The parties estimate this case will require 3 days to try.

  J. **Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

  The proposed deadline for the pretrial conference is April 24, 2025. The proposed date for trial is May 12, 2025.

  K. **Issues about (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree**

>   on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:

The parties have reached an agreement regarding the disclosure and discovery of electronically stored information, as discussed above. The parties have not identified any issues relating to claims of privilege or of protection as trial-preparation materials. The parties have not agreed to use the ESI Checklist.

>   **L. Other information helpful to the Court in setting the case for status or pretrial conference.**

At this time the parties are unaware of any other information that might be helpful to the Court in setting the case for status of pretrial conference.

Dated: September 9, 2024

| | |
|---|---|
| */s/* Anthony J. Perez | /s/Kenneth L. Minerley |
| ANTHONY J. PEREZ, ESQ. | KENNETH L. MINERLEY, ESQ. |
| Florida Bar No.: 535451 | Florida Bar No. 0521840 |
| E-Mail: ajp@ajperezlawgroup.com | E-Mail: ken@minerleyfein.com |
| ANTHONY J. PEREZ LAW GROUP, PLLC | MINERLEY FEIN, P.A. |
| 7950 W. Flagler Street, Suite 104 | 1200 N. Federal Highway, Suite 420 |
| Miami, Florida 33144 | Boca Raton, Florida 33432 |
| Telephone: (786) 361-9909 | Phone: (561) 362-6699 |
| Facsimile: (786) 687-0445 | Fax: (561) 447-9884 |
| *Counsel for Plaintiff* | *Counsel for Defendant, The Anvil 14654, Inc.* |